UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY STEPHENS,

      Plaintiff,

    v.                            CASE NO. 8:07-CV-1995-T-30MAP

EROSION CONTAINMENT MANAGEMENT,
INC., a Florida corporation, a/k/a ECM, INC.,
and HERTZ ROTENSTEIN, individually

      Defendants.
_____/

## ORDER

The Plaintiff, employed by the Defendant as a laborer from on or about April 16, 2007, through his termination on or about June 16, 2007, claims Defendant failed to pay overtime compensation to him and other similarly situated current and former employees of Defendant in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. At this juncture, Plaintiff seeks to compel Defendant to respond to an interrogatory asking for names of individuals it employed who performed similar duties and who were compensated in a similar manner as Plaintiff (doc. 11). Counsel for Defendant objected to the interrogatory, and communicated to counsel for Plaintiff that the Eleventh Circuit case law requires a plaintiff to first show a basis for certification before a plaintiff can get information as to other similarly situated employees. Counsel for Defendant requested that counsel for Plaintiff provide any case law to the contrary, but instead of conferring pursuant to Local Rule 3.01(g) in an effort to avoid court intervention, counsel for Plaintiff filed the instant motion to compel (doc. 14).

The Fair Labor Standards Act permits an employee to bring an action for himself and "other similarly situated" workers, but anyone wishing to take part in the action must opt-in the

lawsuit in writing and file the consent with the court. 29 U.S.C. § 216(b). The Eleventh Circuit strongly suggests district courts use a two-tiered approach to class certification in Fair Labor Standards Act cases. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). At the first step, or so-called "notice stage," the court examines the pleadings and affidavits proffered and decides if potential class members should be notified. *Id.* at 1218 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir.1995). Given the minimal evidence before it, the court uses a fairly lenient standard, and typically the court will "conditionally certify" the class. *Id.* If so, the putative class members are noticed and offered the opportunity to "opt- in." *Id.* When discovery is completed, the defendant often precipitates a second review of the class certification decision via a motion to decertify the class. *Id*. With more information available, the court either finds the opt-in plaintiffs are similarly situated or grants the motion, decertifies the class, dismisses the opt-in plaintiffs without prejudice, and proceeds to trial on the original claims by the named plaintiff or plaintiffs. *Id.*

Against this backdrop, I find that the interrogatory, which presumably requests information in preparation of notifying potential individuals to opt into the case, is premature. The type of discovery is suitable after step one is completed and conditional certification is made. *See Crawford v. Dothan City Bd. Of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003). It is

ORDERED:

1. Plaintiff's motion to compel response to interrogatory 11 is DENIED.

DONE AND ORDERED in chambers this 21st day of May, 2008.

cc: Counsel of Record

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE