**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TERRY STEPHENS,**

    **Plaintiff,**

v.                                                                          Case No.  8:07-cv-1995-T-30MAP

**EROSION CONTAINMENT**
**MANAGEMENT, INC. and**
**HERTZ ROTENSTEIN,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment, Statement of Undisputed Facts, and Memorandum of Law in Support (Dkt. #22), Declaration of Hertz Rotenstein and Exhibits (Dkts. #22-2 and 3), and this Court's Order to Show Cause[1] entered on November 11, 2008 (Dkt. #23).  Plaintiff did not respond to Defendants' Motion for Summary Judgment.  The Court, having considered the motion, memorandum, deposition, exhibits, and being otherwise advised in the premises, concludes that Defendants' motion should be granted.

**Summary Judgment Standard**.

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A genuine issue of material fact does not exist unless there is

---

[1] This Court entered an Order to Show Cause directing Plaintiff to comply with this Court's Order requiring mediation, or to show cause in writing why Plaintiff has failed to comply with the same.  Plaintiff did not respond to the Show Cause Order within the prescribed time period.

sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

**Background.**

On November 2, 2007, Plaintiff Terry Stephens filed a Complaint (Dkt. #1) against Defendants, Erosion Containment Management, Inc., a Florida corporation a/k/a ECM, Inc. ("ECM") and Hertz Rotenstein, individually, (together, the "Defendants"), seeking overtime compensation under the FLSA. In the Complaint, Plaintiff alleges that he regularly worked overtime hours in excess of forty (40) hours a week, but was not paid overtime compensation at an overtime rate of time and one-half of his regular rate of pay.

Defendants move for summary judgment arguing that there are no genuine issues of material fact in dispute; and therefore, they are entitled to judgment as a matter of law. In support of summary judgment, Defendants offer the deposition of Hertz Rotenstein, the owner and manager of ECM as well as ECM's time and payroll records for the two month

period of Plaintiff's employment with Defendants (May 5, 2007 through June 18, 2007). ECM's time and payroll records show that Stephens never worked in excess of 40 hours in any one work week.

Plaintiff has not offered any evidence or argument refuting Defendants' time and payroll records. Thus, Plaintiff has failed to establish that a genuine dispute of material fact exists upon which a reasonable jury could return a verdict in his favor. Accordingly, Defendants' motion for summary judgment should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Summary Judgment, Statement of Undisputed Facts, and Memorandum of Law in Support (Dkt. #22) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in favor of Defendants Erosion Containment Management, Inc., a Florida corporation, a/k/a ECM, Inc., and Hertz Rotenstein, individually, and against Plaintiff Terry Stephens.

3. The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on November 25, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1995.msj 22.wpd